IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No.: 1:23-cv-00927-SKC-JPO

HEALTHBOOKPLUS HOLDINGS INC.,

    Plaintiff,

v.

ROD JARDINE,

    Defendant.

## ORDER RE: DEFENDANT'S MOTION TO DISMISS (DKT. 6)

This action centers around an employment and company-ownership relationship gone awry. Plaintiff Healthbookplus Holdings Inc. allowed Defendant Rod Jardine to purchase a 25% ownership stake in Plaintiff and hired him (through Defendant's solely owned company, Agile CxO, LLC) to become its Chief Technology Officer. Dkt. 1, ¶1; Dkt. 6-1, ¶¶4, 6. But the relationship soured and Plaintiff terminated Defendant's contract. Dkt. 1, ¶21.

Two days prior to terminating the parties' contract, Plaintiff alleges Defendant locked it and others out of the Plaintiff's computer systems; he subsequently illegally accessed those computer systems, misappropriated Plaintiff's trade secrets and other confidential information, and stole its property. *Id.* at ¶¶19, 22-25, 27-30. Further, Plaintiff alleges Defendant made false representations about his experience and work

history that, had Plaintiff known, it would not have offered him a 25% stake in the company nor made him its CTO. *Id.* at ¶¶12-16.

Now before the Court is Defendant's Motion to Dismiss or in the Alternative Transfer Venue Based on Convenience Pursuant to 28 U.S.C. § 1404(a) (MTD). Dkt. 6. The MTD argues this Court does not have personal jurisdiction over Defendant, and alternatively, if it does, the Court should transfer venue to the Central District of California, where Defendant resides. *Id.* at p.1. Plaintiff filed its Response (Dkt. 7), and Defendant filed his Reply (Dkt. 8). The Court declines to hold an evidentiary hearing and instead rules on the briefs. *See Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992) ("The district court is given discretion in determining the procedure to employ in considering a motion to dismiss for lack of jurisdiction . . . ." (quoting *Ten Mile Indus. Park v. Western Plains Serv. Corp.*, 810 F.2d 1518, 1524 (10th Cir. 1987)). Based on the record as explained below, the Court finds it does not have personal jurisdiction over Defendant and therefore dismisses this action without prejudice.

### A. LEGAL STANDARDS

Defendant moves to dismiss under Fed. R. Civ. P. 12(b)(2) alleging a lack of personal jurisdiction over him. The question of personal jurisdiction must be addressed before a court can reach the merits of a case because "a court without jurisdiction over the parties cannot render a valid judgment.*" OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998) (citing *Leney v. Plum*

*Grove Bank*, 670 F.2d 878, 879 (10th Cir. 1982)).

The plaintiff bears the burden of establishing personal jurisdiction over the defendant. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1069 (10th Cir. 2008) (citing *Intercon, Inc. v Bell Arl. Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000)). This burden varies depending upon the procedure utilized by the district court to determine if personal jurisdiction exists. *Oaklawn Apartments*, 959 F.2d at 174. "Facts regarding jurisdictional questions may be determined by reference to affidavits, by a pretrial evidentiary hearing, or at trial when the jurisdictional issue is dependent upon a decision on the merits." *Id.* (cleaned up, citations omitted). The district court enjoys discretion in choosing what method it employs to resolve a personal jurisdiction challenge. *Dudnikov*, 514 F.3d at 1069.

"Where, as in the present case, there has been no evidentiary hearing, and the motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written material, the plaintiff need only make a *prima facie* showing that jurisdiction exists." *XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 839 (10th Cir. 2020) (quoting *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995)). If a district court instead opts to hold an evidentiary hearing or wait until trial to determine a personal jurisdiction question, then a plaintiff's burden increases and it "has the burden to prove facts supporting jurisdiction by a preponderance of the evidence." *Oaklawn Apartments*, 959 F.2d at 174.

Personal jurisdiction, however, is a personal right that a defendant can waive.

*Hunger U.S. Special Hydraulics Cylinders Corp. v. Hardie-Tynes Mfg. Co.* 203 F.3d 835 (Table), 2000 WL 147392, at *2 (10th Cir. Feb. 4, 2000) (unpublished) (quoting *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982)). "Rule 12(h)(1) of the Federal Rules of Civil Procedure provides that a defense based on lack of personal jurisdiction is waived if not made by motion or included in a responsive pleading." *Id.*; *see also Dwyer v. Bicoy*, No. 08-cv-01195-CMA-CBS, 2008 WL 5381485, at *3 (D. Colo. Dec. 22, 2008) (same). Further, "[i]n the absence of a motion to dismiss, a party's continued participation in litigation is inconsistent with an assertion of lack of personal jurisdiction." *Hunger*, 2000 WL 147392, at *2 (citing *Hamilton v. Atlas Turner, Inc.*, 197 F.3d 58, 59 (2d Cir. 1999)).

If the Court finds, however, a defendant's lack-of-personal-jurisdiction argument has not been waived, then the Court, acting on a pretrial motion without conducting an evidentiary hearing, accepts the well-pleaded allegations (those that are nonconclusory or nonspeculative, and supported by facts) of the operative complaint as true "to the extent they are uncontroverted by the defendant's affidavits." *Pytlik v. Pro. Res., Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989) (citation omitted); *XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 839 (10th Cir. 2020) (plaintiff may survive a motion to dismiss by presenting evidence—either uncontested allegations in its complaint or other materials such as affidavits or declarations—"that if true would support jurisdiction over defendant") (quoting *OMI Holdings, Inc.*, 149 F.3d at 1091)).

4

When a defendant challenges the plaintiff's jurisdictional allegations from its complaint with affidavits or other competent evidence, the plaintiff then "has the duty to support jurisdictional allegations in a complaint by competent proof of the supporting facts . . . ." *Pytlik*, 887 F.2d at 1376 (citation omitted); *see also Clark v. Hyatt Hotels Corp.*, No. 20-cv-01236-RM-SKC, 2022 WL 884282, at *3 (D. Colo. Mar. 25, 2022) (same). And if the parties present conflicting affidavits, all factual disputes must be resolved in the plaintiff's favor, and the plaintiff's *prima facie* showing is sufficient notwithstanding the contrary presentation by the moving party." *Wenz*, 55 F.3d at 1505 (internal quotation marks and citations omitted).

## B. ANALYSIS

### 1.   Waiver

Prior to addressing the substance of Defendant's defenses, the Court first must resolve whether he has waived his opportunity to argue them. Defendant's MTD contends the Court lacks personal jurisdiction over him and, alternatively, it should transfer venue for the parties' convenience. Dkt. 6, p.1.

Plaintiff contends Defendant waived his right to challenge the Court's personal jurisdiction and venue over him because Defendant filed his Answer first and then filed the MTD 17 days later. Dkt. 7, pp.3-5. Defendant replies that his Answer, in which he pleads the affirmative defenses of lack of personal jurisdiction and inconvenient venue, properly preserved those defenses for his later-filed MTD. Dkt. 8, pp.2-3 (citing Dkt. 5, p.13). The Court agrees with Defendant.

The crux of Plaintiff's argument is, although Defendant raised the defenses in his Answer, his arguments in the MTD are untimely because he did not file the MTD before the Answer. But its argument is based on a misreading of Rule 12(b) and (h) of the Federal Rules of Civil Procedure.

Rule 12(b) provides, in relevant part:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
>
> \*   \*   \*
>
> (2)   lack of personal jurisdiction;
> (3)   improper venue;
>
> \*   \*   \*
>
> A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed.

Fed. R. Civ. P. 12(b). The plain language of Rule 12(b) thus suggests a motion under Rule 12(b)(2) or (b)(3) must be filed before an answer, as Plaintiff argues. *See* Dkt. 7, p.4.

But Rule 12(b) is in tension with Rule 12(h). Rule 12(h) provides, "[a] party waives any defense listed in Rule 12(b)(2)-(5) by: * * * (B) failing to either: (i) make it by motion under this rule; or (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course." Fed. R. Civ. P. 12(h). By Rule 12(h)'s similarly plain language, a defendant can raise a lack of personal jurisdiction either in his answer or in a Rule 12 motion. *Id.* The tension becomes more apparent considering a party can assert a lack of personal jurisdiction in his answer but later waive that argument by not *timely* asking the court to rule on the issue.

6

*Hunger*, 2000 WL 147392, at *2 ("Asserting a jurisdictional defect in the answer [does] not preserve the defense in perpetuity. This defense may be lost by failure to assert it seasonably, by formal submission in a cause, or by submission through conduct." (citation omitted)). So reading Rule 12(b) in isolation, how exactly a defendant could timely ask a court to rule on a lack of personal jurisdiction argument raised in an answer is not readily apparent.

Plaintiff refers the Court to no cases that adopt its reading of Rule 12. *See* Dkt. 7, pp.3-5. Defendant, on the other hand, cites several cases in which a defendant was deemed to have timely filed a Rule 12(b)(2) motion *after* filing its answer when the answer also raised a lack of personal jurisdiction. *See* Dkt. 8, pp.2-3 (citing *Mold-A-Rama Inc. v. Collector-Concierge-Int'l*, 451 F. Supp. 3d 881 (N.D. Ill. 2020) and *Allianz Inc. Co. v. Otero*, No. 01 Civ.2598 LMM HBP, 2003 WL 262335 (S.D.N.Y. Jan. 30, 2003)). And other federal courts have allowed defendants who raise a lack of personal jurisdiction in an answer to later argue the point in a subsequently filed Rule 12(b)(2) motion. *See* 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1361 (3d ed. 2024) ("A strict interpretation of [Rule 12(b)'s] timing provision's language leads to the conclusion that the district judge must deny any Rule 12(b) motion made after a responsive pleading is interposed as being too late. However, federal courts have allowed untimely motions if the defense has been previously included in the answer." (surveying cases)). Courts have considered such a Rule 12(b)(2) motion under varying rules, including Rule 56, Rule 12(c), and

Rule 12(b). *Mold-A-Rama*, 451 F. Supp. 3d at 886-87 (surveying cases and their different approaches). Moreover, at least one court in this District has similarly found a Rule 12(b)(2) motion timely when the defendant filed it after its answer since the defendant included the defense in its answer. *Dwyer v. Bicoy*, No. 08-cv-01195-CMA-CBS, 2008 WL 5381485, at *4-5 (D. Colo. Dec. 22, 2008).

Here, Defendant asserted his lack of personal jurisdiction defense in his Answer. Dkt. 5, p.13. Plaintiff does not dispute the timeliness of that assertion. Dkt. 7, p.4 ("the defenses were raised in [Defendant's] Answer and thus there is no waiver on that basis . . . ."). The next filing in the docket was Defendant's MTD filed 17 days later. The Court finds Defendant properly preserved his defense of lack of personal jurisdiction by asserting it in his Answer. *See* Fed. R. Civ. P. 12(h)(1)(B)(ii). And he timely argued that defense in his Rule 12(b)(2) motion.[1] *See Dwyer*, 2008 WL 5381485, *2 (Rule 12(b)(2) motion timely when filed seven weeks after filing the answer). The Court will now consider the merits of the MTD as a Rule 12(b)(2) motion.

## 2. Personal Jurisdiction

The Court addresses the personal jurisdiction challenge on the briefing and notes no party has requested a hearing. *See XMission*, 955 F.3d at 839 (plaintiff need only make *prima facie* showing of personal jurisdiction if Court addresses issue on

---

[1] Plaintiff has not argued Defendant's participation in this litigation resulted in waiver of his lack of personal jurisdiction argument, and the Court finds on the record before it that no such waiver has occurred. *See Hunger*, 2000 WL 147392, at *2-3.

briefing and affidavits). To establish personal jurisdiction over a nonresident defendant, "a plaintiff must show jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *Benton v. Cameco Corp.*, 375 F.3d 1070, 1075 (10th Cir. 2004) (quoting *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1295 (10th Cir. 1999)). "The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-472 (1985) (quoting *Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310, 319 (1945)). Because Colorado's long-arm statute extends as far as the constitutional limits of the Due Process Clause, the court has jurisdiction over defendants coextensive with the Due Process Clause. *Benton*, 375 F.3d at 1075; *Keefe v. Kirschenbaum & Kirschenbaum, P.C.*, 40 P.3d 1267, 1270 (Colo. 2002).

Consistent with due process, a court may exercise personal jurisdiction in one of two ways. First, a court may assert specific jurisdiction over a nonresident defendant if the defendant has engaged in certain forum-related activities. *Burger King*, 471 U.S. at 472. Second, where a defendant has not engaged in forum-related activities, the court may nonetheless exercise general jurisdiction over the defendant based on the defendant's general business contacts with the forum state. *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 415 (1984). Plaintiff here concedes the Court does not have general jurisdiction over Defendant. Dkt. 7, p.6 ("[Plaintiff] does

not contend that this Court has general jurisdiction over [Defendant] . . . ."). Thus, the Court focuses only on specific jurisdiction.

For a defendant to be subject to specific jurisdiction, the court must determine if the defendant has sufficient minimum contacts with the forum state, specifically: "(1) whether the defendant purposefully availed himself of the privilege of conducting business in the forum state, and (2) whether the litigation arises out of the defendant's forum-related contacts." *Found. for Knowledge in Dev. v. Interactive Design Consultants*, 234 P.3d 673, 678 (Colo. 2010) (quoting *Archangel Diamond Corp. v. Lukoil*, 123 P.3d 1187, 1194 (Colo. 2005); *see also Old Republic Ins. Co. v. Continental Motors, Inc.*, 877 F.3d 895, 904 (10th Cir. 2017) (citation omitted). If "the plaintiff has met its burden of establishing minimum contacts," the Court must then "inquire whether the exercise of personal jurisdiction would offend traditional notions of fair play and substantial justice." *Old Republic Ins. Co.*, 877 F.3d at 908 (citation omitted). "The touchtone inquiry is whether 'the defendant has "purposefully directed" his activities toward the forum jurisdiction and [whether] the underlying action is based upon activities that arise out of or relate to the defendant's contacts with the forum.'" *Wise v. Lindamood*, 89 F. Supp.2d 1187, 1190 (D. Colo. 1999) (quoting *In re Application to Enforce Administrative Subpoenas Duces Tecum of S.E.C. v. Knowles*, 87 F.3d 413, 418 (10th Cir. 1996)).

Reviewing the allegations in the Complaint and Defendant's affidavit attached to his MTD, the Court finds Plaintiff has failed to carry its burden of making a *prima*

*facie* showing of personal jurisdiction. Defendant supported his MTD with his affidavit. Dkt. 6-1. Plaintiff did not support its responsive pleading with affidavits or other competent evidence; it instead supported its arguments with mere references to the Complaint, the Answer, and Defendant's affidavit. *Generally* Dkt. 7. But when Defendant submitted his affidavit, Plaintiff could no longer rest solely on the allegations in its Complaint because, if any are controverted by Defendant's affidavit, the Court can no longer resolve factual disputes in Plaintiff's favor. *See Pytlik*, 887 F.2d at 1376 (plaintiff must provide competent evidence to support its jurisdictional allegations if they are appropriately challenged); *Shrader v. Biddinger*, 633 F.3d 1235, 1248 (10th Cir. 2011) ("even well-pleaded jurisdictional allegations are not accepted as true once they are controverted by affidavit") (case cited by Plaintiff at Dkt. 7, p.8). Rather, the Court must now accept Defendant's affidavit as true, even if Plaintiff's Complaint makes contrary assertions.[2]

Thus, these facts bear on the Court's personal jurisdiction over Defendant when considering Defendant's uncontroverted affidavit: Plaintiff is a Delaware corporation with its principal place of business in Colorado. Dkt. 1, ¶4; Dkt. 5, ¶4. But "[w]hile [Plaintiff's] stated principal place of business is in Colorado, the reality is that it is that [sic] [Plaintiff] is a remotely operated company, owned and controlled

---

[2] Had Plaintiff submitted an affidavit or other competent evidence that contested Defendant's statements in his affidavit, then the Court would instead have been required to resolve any such contested facts in its favor. *See Wenz*, 55 F.3d at 1505.

by four individuals who live and work all over the world." Dkt. 6-1, ¶10. Defendant, on the other hand, is a Canadian citizen who has resided in California since August 2020, most recently in Newport Beach, California. *Id.* at ¶3. And "[a]t all times alleged in [Plaintiff's] Complaint, [Defendant] worked out of [his] home in Newport Beach[.]" *Id.* at ¶9.

Defendant and Plaintiff "entered into a Contractor Agreement, by and through Agile, for [Defendant] to perform services to [Plaintiff] as its Chief Technology Officer ('CTO')." *Id.* at ¶6. (Agile is Agile CxO, LLC, a California limited liability company with its principal place of business in California, and of which Defendant is the sole owner and manager. *Id.* at ¶¶4-5.) Defendant "oversaw all product, technology, and engineering operations, and implemented technology strategies for [Plaintiff's] web-based platform." *Id.* at ¶7.

"The two board meetings that occurred during [Defendant's] tenure with [Plaintiff], in July 2022 and January 2023, were in Greece." *Id.* at ¶12. "The only [Plaintiff] shareholder meeting that occurred during this 15-month time period was remote." *Id.* at ¶14. Chris Turner, Plaintiff's Chief Executive Officer, is "the only [Plaintiff] executive who resides in Colorado." *Id.* at ¶2. And the only other employee of Plaintiff based in Colorado is Mr. Turner's executive assistant. *Id.* at ¶16. Plaintiff's software development team is based primarily in India. *Id.* at ¶15. Plaintiff's "product and the software it utilizes are cloud-based," its product was developed using cloud-based services, its product code was stored in the cloud, its

email and Sharepoint data is hosted in the cloud, Hubspot is a cloud-based vendor, and "[t]he information [Plaintiff] complains [Defendant] wrongfully accessed and/or purloined is also cloud-based." *Id.* at ¶¶17-21. Defendant's "interviews for [Plaintiff's] CTO role all took place either remotely or in Southern California." *Id.* at ¶24.

Even when considering the allegations in the Complaint, it is stark that almost all its allegations are silent regarding their locus. *See, e.g.,* Dkt. 1, ¶11 (listing various interviews with Defendant but silent as to where they occurred). The Complaint has only two allegations that specifically identify Colorado—its allegation that Plaintiff's principal place of business is Colorado and that Defendant attended "in person meetings in Denver[.]" *Id.* at ¶¶4, 13. But these are insufficient allegations to support personal jurisdiction over Defendant, especially when considering his affidavit in support of the MTD.

Based upon Defendant's uncontroverted affidavit and Plaintiff's Complaint, there is insufficient evidence or plausible allegations that Defendant "purposely directed" his activities at Colorado or its residents. *Burger King*, 471 U.S. at 472. Plaintiff argues that Defendant did direct his activities at a Colorado resident, namely itself and its CEO, because its principal place of business is in Colorado, its CEO resides in Colorado, and Defendant was both an officer and a director of Plaintiff. Dkt. 7, p.7. But Plaintiff cites as support a Colorado Court of Appeals case with a different predicate, where that court found a person who was an officer or director of a company *incorporated* in Colorado should anticipate being subject to

Colorado's jurisdiction. *Id.* (citing *Pub. Warranty Corp. v. Mullins*, 757 P.2d 1140 (Colo. App. 1988)). Plaintiff, however, is a Delaware corporation with a stated principal place of business in Colorado, not a Colorado corporation. Defendant's uncontroverted affidavit further proffers evidence suggesting Plaintiff's stated principal place of business may not be so and instead Plaintiff is a remotely operated company, owned and controlled by four individuals who live and work all over the world. Dkt. 6-1, ¶10; *see also id.* at ¶¶11-23. Plaintiff did not direct the Court to any authority that a defendant who is an officer or director of a company with its principal place of business in a particular state is subject to personal jurisdiction in that state. And the Court located no such authority.

The Court also cannot give Plaintiff's assertion that Defendant attended meetings in Colorado any deference because Defendant's affidavit states, "At all times alleged in [Plaintiff's] Complaint, I worked out of my home in Newport Beach[.]" Dkt. 6-1, ¶9. While the Court might normally expect a CTO of a start-up company to travel in the course of their work, nothing in Defendant's affidavit suggests any travel. And Plaintiff failed to proffer any affidavit or other competent evidence to refute Defendant's assertions. *See Pytlik*, 887 F.2d at 1376 (plaintiff must provide evidence when its jurisdictional allegations are challenged).

Plaintiff also argues Defendant knew Plaintiff's CEO "resided and worked out of [Plaintiff's] Colorado office." Dkt. 7, p.8. But again, Defendant's affidavit asserts the CEO "travelled regularly outside Colorado . . . ." Dkt. 6-1, ¶23. And Plaintiff

14

attempts to conflate cases that analyze whether a company's internet or publishing activities result in personal jurisdiction with the more targeted situation alleged here—that is, that Defendant "had to have known that all of his cloud-based conduct and remote work would be felt in Colorado and that his emails to [the CEO] would be received in Colorado." Dkt. 7, p.8. But Plaintiff's supposition does not carry the argument; rather, "specific averments, verified allegations, or other evidence" of Defendant's specific purported contacts with Colorado was required. *See Shrader*, 633 F.3d at 1248.

Consequently, the Court finds that Plaintiff has failed to make a *prima facie* showing that Defendant purposefully directed his activities towards Colorado. Because Plaintiff has failed to demonstrate the first step of showing sufficient minimum contacts, the Court need not analyze whether Plaintiff's alleged injuries arise from Defendant's Colorado-related activities (the second step) or whether exercising personal jurisdiction over Defendant would offend traditional notions of fair play and substantial justice. *See Old Republic Ins. Co.*, 877 F.3d at 910; *Aspen Corps., Inc. v Mundt*, No. 18-cv-1489-WJM-MEH, 2019 WL 1239882, at *8 (D. Colo. Mar. 18, 2019).

\*       \*       \*

For the reasons shared above, Defendant's MTD (Dkt. 6) is GRANTED and this

case is dismissed, without prejudice, for lack of personal jurisdiction.[3] Plaintiff has also filed an Unopposed Motion for Leave to Amend the Complaint seeking to remove its third claim for civil theft. Dkt. 34. Because the Court dismisses this action for lack of personal jurisdiction, and Plaintiff's proposed amended complaint does not address the shortcomings of its current Complaint or its failure to provide any competent evidence to counter Defendant's MTD and his affidavit, the Court DENIES the Motion for Leave as moot.

The Court FURTHER ORDERS the Clerk of Court to terminate this action.

DATED: September 18, 2024.

BY THE COURT:

S. Kato Crews
United States District Judge

---

[3] In its Response, Plaintiff alternatively requested that if the Court were inclined to grant the MTD it should instead allow Plaintiff to engage in jurisdictional discovery. Dkt. 7, p.15. But D.C.COLO.LCivR 7.1(d) forbids a party from including a motion in a response brief. Plaintiff has not filed a motion requesting jurisdictional discovery and the Court denies that relief, especially when considering that the jurisdictional facts appear to be largely in Plaintiff's control. Moreover, the Court does not address Defendant's venue arguments in light of its finding of a lack of personal jurisdiction.